# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MICHAEL DEON DRAPER,** | ) |
| Petitioner, | ) |
| v. | ) Case No. 5:19-cv-1657-RDP-HNJ |
| **JEFF DUNN,** | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On August 19, 2021, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending the petition for writ of habeas corpus (Doc. 1) be dismissed with prejudice. (Doc. 11). After the court granted an extension for him to do so, Petitioner Michael Deon Draper filed an objection on September 14, 2021. (Doc. 15).

Draper asserts that counsel's inadvertent miscalculation of the limitations period resulted in the filing of an untimely petition. (Doc. 15 at 1). Counsel states that although the "oversight was not maliciously performed, it was still a responsibility that was shirked by counsel consistent with the ruling" in *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1227 (11th Cir. 2017). (Doc. 15 at 1). Thus, Draper's counsel argues that the doctrine of equitable tolling applies in these circumstances. (Doc. 15 at 2).

The Magistrate Judge correctly quoted relevant language from *Cadet* that is applicable to this case: "attorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling; either abandonment of the attorney-client relationship, . . . or some other professional misconduct or some other extraordinary circumstance is required." (Doc. 11 at 7) (citing *Cadet*, 853 F.3d at 1227). The Magistrate Judge referenced additional language from *Cadet* as to what constitutes abandonment: "Although [the]

attorney [] screwed up, as lawyers sometimes do, he did not withdraw from representing [his client], renounce his role as counsel, utterly shirk all of his professional responsibilities to [his client], or walk away from their attorney-client relationship.'" *Cadet*, 853 F.3d at 1234; *See* Doc. 11 at 7-8.  The Magistrate Judge found that none of these events occurred in this case.  The court agrees.   Equitable tolling is not applicable in this case.

Accordingly, the court **ADOPTS** the Report of the Magistrate Judge and **ACCEPTS** his Recommendation.  The court finds that the petition for writ of habeas corpus is due to be dismissed with prejudice.

A Final Judgment will be entered.

**DONE** and **ORDERED** this September 20, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE